Dye, J.
(dissenting). I dissent and vote to reverse upon the ground that the State Tax Commission, in calculating relator’s corporate franchise tax for the fiscal year ending April 30,1952, properly included in ‘ ‘ entire net income ’ ’ of the relator the capital gain on the sale of an office building in Boston, Massachusetts.
Under article 9-A of the Tax Law there is provided a statutory formula designed to allocate to this State a fair share of the net income earned by a taxpayer who conducts business both within and without, the State. The term “ entire net income ”, as defined in subdivision 9 of section 208 of the Tax Law,
‘ ‘ means total net income from all sources, which shall be presumably the same as the entire net income which the taxpayer is required to report to the United States treasury department, except as hereinafter provided.” (The exemptions mentioned in § 209 are not here involved.) To arrive at the percentage of entire net income which is to be allocated to New York and thus made subject to the tax, the statutory formula provides that three factors are to be considered: property, business receipts, and payrolls (Tax Law, § 210, subd. 3, par. [a]). The Tax Commission’s assessment was based on an application of this three-factor formula, 31.8% of relator’s entire net income having been allocated to the New York operation.
The propriety of the use of the three-factor formula and the accuracy of the resulting figures were recognized below, but the assessment was nonetheless set aside because ‘ ‘ it reaches such an unfair and inequitable result on the facts in this particular case that the procedure cannot be justified.” Reasoning that *805 the allocation arrived at by the three-factor formula was so disproportionate to the amount of business done in New York that its application was ‘ ‘ arbitrary and unreasonable ’ ’, the court below concluded that as a matter of law the commission should have exercised the discretionary power conferred by subdivision 8 of section 210 by resorting to some other “ similar or different method calculated to effect a fair and proper allocation of the income and capital reasonably attributable to the state An affirmance here thus requires the commission to exclude from its calculation the net capital gain derived from, the sale of the Boston office building, without however taking into account that such net gain had taken the place of the building sold which under ordinary circumstances would be considered in making up the allocation.
I cannot agree with this line of reasoning. It depends entirely on the arbitrary segregation of the corporation’s unitary activity into component parts. To do so would be to ignore the avowed corporate purpose evidenced by the certificate of incorporation and to disregard the statutory fact that it is taxable as a corporate entity and not according to its component activities. On this record the statutory three-factor formula effected a fair and proper allocation of the income reasonably attributable to this State, and thus the application of the three-factor formula and the inclusion of the Massachusetts capital gain within “ entire net income ” had a rational basis in law.
The order appealed from should be reversed and the final determination of the State Tax 'Commission reinstated, with costs.
Order affirmed.